## Martin v. Stoltz, et al.

(Decided April 26, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Appeal and Error.—In will contest, where question is testamentary capacity, verdict in favor of will will not be disturbed unless palpably against evidence.

2. Wills.—Exercise of undue influence by wife over husband executing will held not shown because wife and husband were living together, and that the wife was made chief beneficiary in the will.

3. Wills.—Not only an opportunity to exercise undue influence over testator, but also proof authorizing an inference that undue influence was actually exercised, is requisite to show undue influence sufficient to invalidate a will.

WILLIAM McKEE DUNCAN, HICKMAN & WITHERS and ARTHUR SPINDLE for appellants.

CHARLES REISCH and R. F. PEAK for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

George Stoltz was a market gardener. His place of business was originally outside of Louisville. He and his wife worked hard and bought land about them. The city extended out, and his property increased much in value, until at his death he was worth about $60,000.00. In November, 1924, he fell from a stepladder and became paralyzed. He was an invalid from this time until about

March 1, 1925, when he began going about again. He and his wife were married in July, 1901. Before they had any children he wrote a will giving everything he had to his wife. After this a daughter was born, who was 22 years old when he died and a son who was 13 then. On May 8, 1925, he executed a will revoking his former will and disposing of his property as follows: (1) To his wife, Amelia Stoltz, during her lifetime or widowhood about one-third of his estate; (2) to his daughter, Louise, certain real estate; (3) to his son, Edward, certain real estate; (4) to a niece, a house and lot; (5) to the All Prayer Foundling Home, a house and lot; (6) to the Rev. J. T. Martin, pastor of the church to which he belonged, a house and lot for certain church purposes; (7) to his brother-in-law, Charles B. Silliman, a house and lot; (8) to Alva Cotner, $200.00; (9) to Edward Rheinhart, $200.00; (10) to John Sikes, $200.00; (11) Maggie V. Stoltz, $200.00.

On June 9, 1925, he executed a codicil to this will, giving to the Hazelwood Methodist Episcopal Church $200.00. He continued to go about. He collected his rents and attended to his business until about July 2, when he was taken sick. He was sick ten days or two weeks and then began sitting up. He used for this purpose a wheel chair bought for him soon after he was paralyzed. On July 22, 1925, he executed another will, by which he revoked his former will and left everything to his wife, except a devise of $200.00 to the All Prayer Foundling Home, $100.00 to the parson's fund of the Epworth Episcopal Church, located at Fourth and N streets, and $100.00 to the building fund of the church. He died August 19, 1925. The two papers were each offered for probate in the county court. The county court probated the will of July 22. An appeal was taken to the Jefferson circuit court, and on the hearing of the appeal the jury found the paper of July 22 to be his last will and testament. From the judgment on that verdict the appeal before us is prosecuted.

It is unnecessary to set out here the mass of testimony introduced on the trial on the question of testamentary capacity. It is sufficient to say that there was sufficient evidence to warrant the verdict of the jury, and that plainly the verdict of the jury is not palpably against the evidence. The statute guarantees a jury trial on questions of this sort, and it is well settled that the ver-

dict of the jury will not be disturbed unless palpably against the evidence.

It is earnestly insisted that the circuit court erred in not submitting to the jury the question of undue influence. The testator was 66 years old. His wife, Amelia Stoltz, was 48. His daughter was married, but they all lived in the same house. The daughter, at her father's request, telephoned the lawyer to come and see him. The lawyer came; the testator was sitting in his wheel chair. He told the lawyer he wanted his will rewritten; that he was not satisfied with the one he had lately made. The lawyer then suggested that he send for some one to act as an attesting witness. He then sent for a brother-in-law, who lived nearby. When the brother-in-law came he told the lawyer, in the presence of the brother-in-law, how he wanted the will written, without a suggestion from anybody. The lawyer wrote it as he directed, and after it was written it was duly executed. His wife was not present at the time, and was in no wise connected with the will. There is no showing that she knew what was in the will, or even knew why the lawyer was sent for. After the will was written, it was put in an envelope and sealed up and given to him by the lawyer, and he gave it to his daughter, sealed, telling her to keep it. She kept it without opening the envelope or knowing what was in the will until it was offered for probate.

There are no facts or circumstances shown indicating any influence exerted by the wife, except the fact that she and the husband were living together and that she was made the chief beneficiary in the will.

It is well settled that, to show undue influence sufficient to invalidate a will, there must be not only an opportunity to exercise such influence, but there must be proof of facts from which the jury would be authorized to infer that it was actually exercised. The mere opportunity to exert an undue influence is not sufficient. Brent v. Fleming, 165 Ky. 356, 176 S. W. 1134; Robinson v. Davenport, 179 Ky. 598, 201 S. W. 28; Gay v. Gay, 183 Ky. 238, 209 S. W. 11; Stutiville's Ex'rs v. Wheeler, 187 Ky. 361, 219 S. W. 411; Stoll v. Stoll's Executor, 213 Ky. 793, 281 S. W. 1028. If the mere fact that a husband and wife lived together was evidence of undue influence, then in every case of a devise by a husband to his wife the question of undue influence would be raised. A sick man is usually surrounded by his family. The fact that they

are about him affords an opportunity for undue influence by them. But to set the will aside for undue influence there must be some affirmative evidence of such influence. On the whole case the judgment of the circuit court is in accord with the justice of the case under the evidence.